UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE TYRONE NOEL NUNN, <br><br> Plaintiff | Case No.: 2:24-cv-01066-APG-DJA <br><br> **Order** |

On July 18, 2024, I dismissed this case without prejudice based on Plaintiff Tyrone Noel Nunn's failure to file a complaint in compliance with U.S. District Judge Anne Traum's order. ECF No. 6. The Clerk of the Court entered judgment the same day. ECF No. 7. Nunn now files a motion for legal aid and a "proper petition." ECF Nos. 8, 9.

As an initial matter, the "proper petition" is not a complaint. *See* ECF No. 9. Instead, the document requests to exceed the page limit for a complaint and to consolidate cases. *Id.* I deny any such requests and note that Nunn has never filed a complaint in this case.

As for the motion for legal aid, Nunn seeks an appointment of counsel because he has a "humble understanding of the law" but is "fully competent." ECF No. 8 at 1. Nunn asserts that he is confronted with complex legal issues and needs legal aid and advice during the proceedings. *Id.* at 2.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the

ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

I dismiss the motion for legal aid as moot because this case is closed. Moreover, I note that Nunn does not satisfy the requirements for appointment of counsel in a civil-rights case. First, he has not demonstrated that his humble knowledge of the law is exceptional. *See Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Second, Nunn has not demonstrated a likelihood of success on the merits of his case because he has not submitted a complaint. Finally, Nunn cannot demonstrate that his legal issues are complex because, again, he has not submitted a complaint.

I THEREFORE ORDER that the motion for legal aid (ECF No. 8) is denied.

I FURTHER ORDER that, if Nunn wishes to pursue his claims, he must file a complaint in a new case and satisfy the matter of the filing fee. Nunn will not file any more documents in this closed case.

DATED: July 31, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2